## Young, et ux. v. Wehmeyer, et ux.

(Decided October 21, 1921.)

### Appeal from Grant Circuit Court.

1. Easements—Use of Water from Cistern.—The provision in a deed giving the grantee the right to use water from a windmill cistern, as long as there is water in said cistern, for use of a water system in grantee's house, gives to the grantee no right or easement other than the right to use the water in said cistern.

2. Easements—Use of Water from Cistern.—Where the right is granted to use water from a windmill cistern, the grantor is without authority to obstruct the grantee in the enjoyment of the right thus created, but he who has granted an easement upon his own land is not bound to do more than to abstain from acts inconsistent with its proper enjoyment, in the absence of an expressed or implied covenant to the contrary.

3. Easements—Use of Water from Cistern.—The mere granting of the right to the use of water from one's cistern does not impose upon the grantor the duty to repair or replace a windmill through the means of which water was forced into the grantee's premises.

4. Easements—Use of Water from Cistern—Pleading.—A petition alleging that defendants were threatening to destroy a windmill cistern and to destroy plaintiff's easement therein by denying him the use, benefit and protection of same is good against demurrer, where it is shown that plaintiff was granted the right to use the cistern and the water therein.

J. J. BLACKBURN and L. M. ACKMAN for appellants.

C. C. ADAMS for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

John McCoy owned certain lots in Tucker's subdivision in the town of Dry Ridge. Three of these lots, Nos. 17, 18 and 19, were conveyed to plaintiffs (appellants) and lot No. 53 to defendants. Located on the latter lot was a barn, windmill and windmill cistern. The deed to plaintiffs contains this provision:

"Grantee is also conveyed the right to use water from the windmill cistern at the barn located on lot No. 53, as designated on said plat of Tucker subdivision, as long as there is water therein for use of grantee's water system in the house on said lots herein conveyed."

Alleging that defendants were unlawfully dismantling the windmill and plugging the pipes leading from the windmill to the tank on plaintiff's premises, which supplied the water and pressure for the water system in their house and that defendants were threatening to destroy said windmill and windmill cistern, thereby denying them the use, benefit and protection of their water system and said windmill and windmill cistern, this action was instituted seeking damages for the wrongs complained of and asking that defendants be enjoined from destroying the windmill and windmill cistern and from denying plaintiffs the full use and benefit of their easement in said windmill and windmill cistern.

By an amended petition it was alleged that the windmill had been overturned and destroyed. The injunctive relief was granted, but upon motion made to a member of this court an order was entered dissolving the injunction. Thereafter the cause was submitted on a demurrer to the answer; this demurrer was carried back to the petition and sustained, and the petition was dismissed. In the judgment dismissing the petition it was adjudged that the only right plaintiffs or either of them had in the cistern on lot No 53 was the right to use water therein as long as it contained water and that plaintiffs had no right, claim or easement of any nature whatever in the defendant's windmill or windmill fixtures and pump.

It is manifest that plaintiffs had no other right or easement in and to the windmill cistern on defendants' premises other than to use water therefrom as long as it contained water.

The statement is made that the windmill was taken down because of its worn and weakened condition and that it had become a menace to the defendants and the people in the community. While defendants had no right to do anything that would interfere with plaintiffs' right to the use and enjoyment of the water in the cistern, there was nothing requiring defendants to repair the windmill, nor could they be compelled to permit it to remain on the premises a menace to them, their family, or others. This principle is illustrated by the opinion in Bartlett v. Peas-

lee, 20 N. H. 547, which involved a provision in a deed granting to Bartlett the privilege to grind corn in Peaslee's corn mill. The appellant ground his corn in the mill until 1841; thereafter the mill became ruinous and in 1845 was removed without appellant's consent. In a suit alleging plaintiff had lost the benefit of his privilege to grind corn, because defendant had failed to repair the mill, the court held that the grant was merely the right to grind in the mill. The grantor had no right to destroy the mill and that neither he nor those claiming under him could no anything that would obstruct plaintiff in the enjoyment of the right thus created, but that he who has granted an easement upon his own land is not bound to do more than to abstain from acts inconsistent with its proper enjoyment, unless there is a covenant, either by express terms or by implication from the language of the grant. The right to grind the corn was in its nature determinable upon the existence of the mill. The grantor was held not bound to preserve the mill in order that the grantee might have the benefit in his grant.

Such is the case here. However, the court improperly overruled the demurrer to the petition. A petition made up of several paragraphs or parts, or wherein several wrongful acts or divisible matters of damage are alleged in a single paragraph, any one of which states a cause of action, is good against a demurrer to the petition as a whole. The petition in the present action alleged that "defendants threatened to destroy said windmill and windmill cistern; to continue the destruction of plaintiffs' easement in same; to continue to deny him the use, benefit and protection of said water system, and said windmill and windmill cistern. . . . "

Defendants had no right to obstruct plaintiffs' right to use the water so long as the cistern contained any water, a right which is conceded by the court, and frankly and properly admitted by defendants. But when the court dismissed the petition there was no cause pending in which a judgment could be entered giving affirmative relief to plaintiffs. It necessarily follows that the court erred in sustaining the demurrer to the petition.

The judgment is accordingly reversed for further proceedings consistent herewith.